UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARCIO ANTONIO M.M.,[1]

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-07278-TLN-CKD

A# 240-391-284

**RELEASE ORDER**

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 23, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 7.) Respondent filed objections to the findings and recommendations. (ECF No. 9.)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Respondent objects to the magistrate's finding that Respondent's failure to provide a bond hearing violated the 8 U.S.C. § 1226(a). (ECF No. 9 (citing ECF No. 7 at 2).) Respondents argue that although Petitioner requested a bond hearing, he "withdrew his bond request," and points to an immigration court order (ECF No. 6-3) in support of this claim. (*Id.* at 1.) The immigration court order states "The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236" and orders "NO ACTION." (ECF No. 6-3.) The order says nothing about why the immigration judge took no action or what circumstances led to such action. (*Id.*) There is no transcript or audio of the hearing in the record and Respondent supplies no other evidence to support a finding that Petitioner withdrew his request. On the record before this Court, Petitioner requested a hearing and no hearing was provided, as the magistrate duly found. (ECF No. 7 at 2.) Moreover, in the three weeks since Petitioner filed the Petition requesting a hearing or release, Respondent has not held or scheduled a hearing. (*See* ECF No. 9.) Accordingly, Respondent's objection is overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the magistrate judge's findings and recommendations to be supported by the record and by proper analysis. However, the Court agrees with Petitioner that the appropriate relief is immediate release from custody rather than a bond hearing.

"Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004)); *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the traditional function of the writ is to secure release from illegal custody."); *Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023) ("the history of habeas corpus demonstrates why release from confinement is the only available remedy for claims at the writ's core[.]"). This Court has routinely ordered the release of individuals detained in violation of the Immigration and Nationality Act ("INA"). *See, e.g.*, *Dinesh S. v. Chestnut*, No. 1:26-CV-01717-TLN-EFB, 2026 WL 1028016, at *2–3 (E.D. Cal. Apr. 16, 2026) (ordering release where petitioner's detention violated the INA); *see also Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119

(E.D. Cal. 2025) (same); *A.E.R.T. v. Wofford*, No. 1:25-CV-01824-KES-SKO, 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025) (same).

As the magistrate judge correctly found, Petitioner's civil immigration detention violates 8 U.S.C. § 1226(a). (ECF No. 7 at 2.) Although Respondent concedes Petitioner is entitled to receive a custody redetermination hearing under § 1226(a) (ECF No. 6 at 2), it has not provided any such hearing in over two months of detention (ECF No. 7). Moreover, Respondents do not contend that Petitioner is a flight risk or danger to the community. (ECF No. 6.) Therefore, the Court sees no reason to deviate from the relief it has granted myriad analogous petitioners. Based on Petitioner's unlawful detention for months, the appropriate remedy in this case is not to bring the government into conformity with its governing statutes; it is to release Petitioner from unlawful custody. *See Dinesh S.*, 2026 WL 1028016, at *3 (citing *Quijada Cordoba v. Knight*, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of detainee challenging his detention without a bond hearing and collecting cases); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *20 (S.D. W.Va. Feb. 4, 2026) (ordering release and rejecting the Government's argument that a bond hearing is the appropriate remedy)).

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 7) are ADOPTED in part.
2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.
3. Respondent must IMMEDIATELY RELEASE Petitioner MARCIO ANTONIO M.M. (A# 240-391-284) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions. Respondent must file a **notice of compliance** with this provision no later than **October 7, 2026**.
4. Respondent is ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to

detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

3. The Clerk of Court is directed to serve this Order on **California City Detention**.

4. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: September 30, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE